England *v.* Pearson.

JAMES E. ENGLAND *v.* W. H. PEARSON, Administrator, etc.

1. INSOLVENT ESTATES. *Claims against. Appeal.* Claims against insolvent estates must be first adjudicated by the clerk of the probate court, and from his decision an appeal lies directly to the circuit court.

2. PROBATE JUDGE. *Review by, of action of clerk.* The probate judge has no jurisdiction to review the action of the clerk, that authority being vested exclusively in the circuit court, with a right of appeal to the Supreme Court.

FROM SHELBY.

Appeal in error from the Probate Court of Shelby county. THOMAS D. ELDRIDGE, J.

—— —— for England.

B. J. KIMBROUGH for Pearson.

England *v.* Pearson.

COOKE, J., delivered the opinion of the court.

Pearson, as administrator of one Cannon, suggested the insolvency of his estate in the probate court of Shelby county, where it is in process of settlement as such estate. England filed a claim against said estate amounting to about $1,100, which was contested by the administrator, and which, after proof had been taken *pro* and *con*, was disallowed by the clerk. England filed exceptions to the action of the clerk in disallowing his claim. The administrator, Pearson, moved the probate judge to strike out said exceptions and to proceed to distribute the assets of said estate among the creditors whose claims had been allowed. This the probate judge refused, but sustained the exceptions of England to the action of the clerk in disallowing his claim, and himself proceeded to allow said claim to the extent of ninety-eight dollars, and rendered judgment that the same should be paid out of the funds in court belonging to said estate. The administrator has appealed to this court from said judgment.

By the provisions of the act of the Legislature establishing the probate court of Shelby county, "said court shall have original jurisdiction of all matters of probate, the administration of estates and orphans' business, embracing all the subjects and powers enumerated in and conferred by sections 4201, 4203, 4204, 4205 and 4208, of the Code of 1858, and concurrent jurisdiction with the chancery court of Shelby county over the persons and estates of idiots, lunatics, and other persons of unsound mind, and of proceed-

ings for the partition or sale of estates by personal representatives, guardians, heirs, tenants in common, joint owners or co-parceners; for the sale of lands at the instance of creditors of decedents, where the personalty is insufficient to satisfy the debts of the estate, and for assignment of dower; and it is hereby invested with all the powers of a chancery court touching these matters; shall have and exercise all the jurisdiction of the county court which may be exercised at its quorum terms, except that pertaining to public roads and the appointment of overseers thereof, and that pertaining to ferries, water courses and local improvements and public buildings, and except also the jurisdiction, powers and duties conferred upon the chairman of the county court as chairman and as financial agent of the county. Said court shall have and exercise all the powers and jurisdiction over the persons and matters committed to its jurisdiction which are now conferred by law on the county courts or county judges in other counties. The judge is also vested with all the powers conferred by law upon judges of the inferior courts in this State. From said court an appeal shall lie directly to the Supreme Court": New Code, sec. 354.

Section 4201 of the Code of .1858, included in the above provision, is, that the county court has original jurisdiction in the following cases, * * * (subsection 6): The settlement of insolvent estates, etc., where the amount of the estate does not exceed $3,000. By Code, section 3179, the administrator or executor may contest the validity of any claim presented, and

urge against the same any defense available in law or equity; and by the provisions of section 3180, in all cases where the claims of creditors are disputed by the executor or administrator, or there shall be assets that are disputed, or claims of doubtful character brought forward by the executor or administrator in his own favor, the clerk shall adjudicate and determine the same; and by section 3181, a party dissatisfied with his decision, may appeal to the next term of the circuit court, upon entering into bond with surety, etc., and, thereupon, the clerk shall certify his decision to the circuit court, etc., where such issue shall be formed, under the direction of the court, as will present the question for discussion (decision) without writ or declaration, and the judgment of the court thereon, or of the Supreme court, if an appeal is taken to it, shall be certified back to the county court.

The first question for determination raised by this record is, does the act above cited, creating the probate court of Shelby county, confer upon it simply the jurisdiction which the county court had in the winding up and settlement of insolvent estates under section 4201 of the Code of 1858, or has it concurrent jurisdiction with the chancery court over such estates? It will be observed that the language of the act conferring jurisdiction upon said probate court in regard to this subject is, "shall have original jurisdiction of all matters of probate, the administration of estates and orphans' business, embracing all the subjects and *powers* enumerated and conferred by

sections 4201, etc., of the Code of 1858;" and "that said court shall have and exercise all the *powers* and *jurisdiction* over the persons and *matters* committed to its jurisdiction which are now conferred by law on the county courts or county judges in other counties." Said act also expressly confers concurrent jurisdiction upon said probate court with the chancery court over the persons and estates of idiots, lunatics and other persons of unsound mind, and proceedings for the partition or sale of estates by personal representatives, guardians, heirs, tenants in common, joint owners or coparceners; for the sale of lands at the instance of creditors of decedents, where the personalty is insufficient to satisfy the debts of the estate, and for the allotment of. dower; and it is hereby invested with all the powers of a chancery court touching these matters." We think the proper construction of the above language is, that all the powers of the chancery court were merely intended to be conferred upon said probate court touching the matters over which it was invested, with concurrent jurisdiction with the chancery court; and the effect of said act, as well as the intention of the Legislature, was simply to confer the jurisdiction over the settlement and winding up of insolvent estates, which was possessed by the county court of Shelby county, to said probate court, and the mode of procedure in the one is equally applicable to the other, and which has been pursued in the case now under consideration, until it came to the disposition of this contested claim. There are no pleadings or process of any

kind, or rules or orders, as in a chancery court, but the mere suggestion of insolvency, advertisement of the clerk, etc., as prescribed for proceedings of the kind in the county court. We are of opinion, therefore, that the probate judge had no authority or jurisdiction to determine or adjudicate said claim, but if England, the claimant, desired to prosecute it further, he could only do so by an appeal from the decision of the clerk to the circuit court, under the provisions of the sections of the Code above cited. His judgment was, therefore, erroneous, and will be set aside, and the cause remanded to be proceeded in according to this opinion and the law regulating the settlement of insolvent estates as here indicated.

The defendant England will pay the costs of this appeal.